IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**LAKEISHA JORDAN,** Individually and on behalf of Y.F., a minor, as her Next Friend,

    Plaintiffs,

v.                                                  Case No.:1:11-CV-01642-EGS

**DISTRICT OF COLUMBIA**, et al          Judge  Rudolph Contreras

    Defendants.

**DEFENDANT WISCONSIN AVENUE PSYCHIATRIC CENTER, INC.'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, WISCONSIN AVENUE PSYCHIATRIC CENTER, INC. (hereinafter, "Defendant" or "PIW"), incorrectly identified as The Psychiatric Institute of Washington, by and through its counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, states as follows for its response to Plaintiff's Amended Complaint (hereinafter, "Complaint"):

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

With reference to the specific factual allegations set forth in the Complaint, Defendant states as follows:

**Jurisdiction**

1.     The allegations set forth in Paragraph 1 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

2.      The allegations set forth in Paragraph 2 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

### Parties

3.      Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 3 of the Complaint insofar as the "times relevant to this action" is undefined, and Defendant therefore denies those allegations and demands strict proof thereof.  Defendant admits that at times, Y.F. was a minor in the custody and care of the District of Columbia as a Ward of the District of Columbia and involving the District of Columbia Child and Family Services Agency.

4.      Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 4 of the Complaint insofar as the "times relevant to this action" is undefined, and Defendant therefore denies those allegations and demands strict proof thereof.  Defendant admits that Y.F. was seven years old.  Defendant admits that Y.F. was an inpatient at PIW at times in 2006 and 2007, but denies that she was an inpatient from October 2006 through May 2007.

5.      Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 5 of the Complaint and therefore denies those allegations and demands strict proof thereof.

6.      Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 6 of the Complaint and therefore denies those allegations and demands strict proof thereof.

7. The allegations set forth in Paragraph 7 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

8. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 8 of the Complaint and therefore denies those allegations and demands strict proof thereof.

9. The allegations set forth in Paragraph 9 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

10. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 10 of the Complaint insofar as the "times relevant to this action" is undefined, and Defendant therefore denies those allegations and demands strict proof thereof. Defendant admits that it is in the business of providing health care services in the District of Columbia, that Stephen Zanakis, M.D. and Terry Jarrett, M.D. were psychiatrists and licensed healthcare providers practicing in the District of Columbia, and at times served as treating psychiatrists for Y.F. while Y.F. was a patient at PIW. The remaining allegations set forth in Paragraph 10 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

## BACKGROUND

11. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in the first and second sentences of Paragraph 11 of the Complaint and therefore denies those allegations and demands strict proof thereof. Defendant admits that Y.F. has been

hospitalized for psychiatric reasons, but denies the remaining allegations set forth in the third sentence of Paragraph 11 of the Complaint and demands strict proof thereof.

13. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 12 of the Complaint and therefore denies those allegations and demands strict proof thereof.

13. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 13 of the Complaint and therefore denies those allegations and demands strict proof thereof.

14. Defendant denies the allegations set forth in the first sentence of Paragraph 14 of the Complaint as phrased and demands strict proof thereof. Defendant admits that at times, Plaintiff was admitted to PIW and at times was under the care of Drs. Xenakis and Jarrett. Defendant admits that it operates a psychiatric hospital. The remaining allegations set forth in Paragraph 14 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

15. Defendant admits that Y.F. was an inpatient at PIW and that at times she was treated by psychiatrists Drs. Xenakis and Jarrett, and that one of Y.F.'s discharge dates was May 18, 2007. Defendant lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 15 of the Complaint insofar as the term "supervised" is undefined, and therefore denies those allegations and demands strict proof thereof. Defendant denies the remaining allegations of Paragraph 15 as phrased and demands strict proof thereof.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint and demands strict proof thereof, but admits that at times, Y.F. was restrained and/or secluded and that Y.F. at times failed to cooperate and/or was angry and/or aggressive.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint and demands strict proof thereof, but admits that at times, consent was solicited and received from CFSA. The remaining allegations set forth in Paragraph 18 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint and demands strict proof thereof.

20. The allegations set forth in Paragraph 20 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

21. Defendant admits that Y.F. was administered the named medications at times during her admissions at PIW. Defendant denies the remaining allegations as phrased, and demands strict proof thereof.

22. The allegations set forth in the first sentence of Paragraph 22 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof. Defendant denies the allegations set forth in the second sentence of Paragraph 22 of the Complaint and demands strict proof thereof.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint and demands strict proof thereof.

24. The allegations set forth in Paragraph 24 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint and demands strict proof thereof.

26. The allegations set forth in Paragraph 26 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint and demands strict proof thereof.

### Count I
### (Medical Negligence)

29. Defendant adopts and incorporates its foregoing responses as if fully set forth herein.

30. The allegations set forth in Paragraph 30 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

31. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 31 of the Complaint and therefore denies those allegations and demands strict proof thereof.

32. Defendant denies the allegations set forth in Paragraph 32 and subparagraphs (a) through (f) of the Complaint and demands strict proof thereof.

33. The allegations set forth in Paragraph 33 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint and demands strict proof thereof.

## Count II
### (Informed Consent)

35. Defendant adopts and incorporates its foregoing responses as if fully set forth herein.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint and demands strict proof thereof.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint and demands strict proof thereof.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint and demands strict proof thereof.

39. The allegations set forth in Paragraph 39 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint and demands strict proof thereof.

## Count III
### (Violation of 42 U.S.C. § 1983 of the United States Constitution)

41. Defendant adopts and incorporates its foregoing responses as if fully set forth herein.

42. The allegations set forth in Paragraph 42 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

43. Defendant denies the allegations set forth in Paragraph 43 and subparagraphs (a) through (g) of the Complaint and demands strict proof thereof.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint and demands strict proof thereof.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint and demands strict proof thereof.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint and demands strict proof thereof.

## Count IV
### (Negligence)

47. Defendant adopts and incorporates its foregoing responses as if fully set forth herein.

48. The allegations set forth in Paragraph 48 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

49. The allegations set forth in Paragraph 49 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

50. Defendant denies the allegations set forth in Paragraph 50 and subparagraphs (a) through (g) of the Complaint and demands strict proof thereof.

51. The allegations set forth in Paragraph 51 of the Complaint are the legal and/or factual conclusions of the pleader and require no response from Defendant. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint and demands strict proof thereof.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint and demands strict proof thereof.

**Counts V and VI** of the Complaint have been dismissed by the Court. Accordingly, no response is required. If a response is required, Defendant denies the remaining allegations of the Complaint and demands strict proof thereof.

All allegations not expressly admitted are hereby DENIED.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Defendant requests that the Complaint be dismissed, that Defendant be awarded its attorneys fees and costs incurred in this action, and for such other and further relief as may be just and proper.

## AFFIRMATIVE DEFENSES
## SECOND AFFIRMATIVE DEFENSE

Defendant denies all allegations of malpractice, medical negligence, general negligence, gross negligence, failure to provide appropriate psychiatric care or treatment, negligent discharge of a psychiatric patient, vicarious liability, *respondeat superior*, *res ipsa loquitor,* principal/agent, carelessness, recklessness, malfeasance, nonfeasance, and/or any liability to Plaintiff(s).

## THIRD AFFIRMATIVE DEFENSE

Defendant did not proximately cause any injury to Plaintiff(s).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff(s)' injuries and damages, if any, were caused by intervening and/or superseding acts and/or omissions on the part of third persons or entities, all over whom Defendant exercised no dominion or control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff(s)' injuries and damages, if any, were caused by ailments, conditions, illnesses, disorders and/or circumstances that Defendant could not prevent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff(s)' injuries and damages, if any, were caused by her/their own contributory negligence, which acts as a complete bar to the claim(s) against Defendant in this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused by her/their knowing and voluntary assumption of the risk, which acts as a complete bar to the claim(s) in this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff(s)' injuries and damages, if any, pre-dated and/or post-dated the incidents in question and/or did not arise from any act or omission of this Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff(s)' claims are barred in whole or in part by her/their failure to mitigate damages reasonably as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff(s)' claims are barred by the applicable statute(s) of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff(s)' claims may be barred by the doctrines of *res judicata,* collateral estoppel, waiver, release, consent, and/or any other bar, prohibition and/or limitation upon recovery of any kind or nature, whether existing in statute and/or by common law.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable medical malpractice statutes set forth in the relevant parts of the District of Columbia Code, as amended.

### THIRTEETH AFFIRMATIVE DEFENSE

If Plaintiff(s) was injured or damaged as alleged, such injuries were the result of her/their own intentional, illegal or otherwise wrongful conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant obtained any and all consent and/or informed consent necessary to render the care and/or treatment at issue.

Defendant reserves the right to assert additional defenses pending the outcome of discovery and continuing investigation, and hereby adopts and incorporates be reference any and all defenses presented by other parties in this action.

Dated:  June 21, 2013

            Respectfully submitted,

            WISCONSIN AVENUE PSYCHIATRIC
            CENTER, INC.


            __/s/ *Elizabeth  E. Pavlick*_____
            Alan S. Block (#431010)
            Elizabeth E. Pavlick (#975145)
            BONNER KIERNAN TREBACH & CROCIATA, LLP
            1233 20th Street, NW
            8th Floor
            Washington, DC  20036
            Tel.: 202-712-7000
            Fax: 202-712-7100
            ablock@bonnerkiernan.com
            epavlick@bonnerkiernan.com

## JURY DEMAND

Defendant demands a trial of this matter by a jury consisting of the maximum number of jurors permitted under the Rules of this Court.

>  */s/ Elizabeth E. Pavlick*
>  Elizabeth E. Pavlick

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss, Memorandum of Points and Authorities in support thereof, and proposed Order was provided via the Court' ECF system on this 21st day of June 2013, to:

>  Christopher T. Nace
>  Paulson & Nace, PLLC
>  1615 New Hampshire Ave, NW
>  Washington, D.C. 20009
>  **Counsel for Plaintiffs**
>
>  Jonathan Pittman
>  Office of the Attorney General
>  441 Fourth Street, NW, 6th Floor
>  Washington, D.C. 20001
>  **Counsel for Defendant District of Columbia**

>  */s/ Elizabeth E. Pavlick*
>  Elizabeth E. Pavlick